Interim Decision #1880

MATTER OF PIEDRA

In Adjustment of Status Proceedings

A-11884060-1
A-12831083

*Decided by Regional Commissioner June 19, 1968*

A native and citizen of Cuba who was last inspected and admitted to the United States on January 1, 1959 is ineligible for adjustment of status to that of a permanent resident under section 1 of the Act of November 2, 1966, as the statute requires inspection and admission or parole subsequent to January 1, 1959.

**DISCUSSION:** These cases relating to a man and wife and their 16-year-old son come forward by certification from the District Director, San Juan, Puerto Rico, who denied the applications on the basis that the applicants have not been inspected and admitted or paroled into the United States subsequent to January 1, 1959, as contemplated by the statute.

The applicants are all natives and citizens of Cuba born in Havana. They last entered the United States on January 1, 1959 at which time they were inspected and admitted into the United States as nonimmigrant visitors for one month. They were granted extensions of their temporary stay to the end of 1959. They failed to depart and all were granted an indefinite period of time within which to depart voluntarily from the United States.

The pertinent part of the Act of November 2, 1966 states that:

The status of any alien who is a native or citizen of Cuba and who *has been inspected and admitted or paroled into the United States subsequent to January 1, 1959* . . . may be adjusted . . . to that of an alien lawfully admitted for permanent residence . . . (italic supplied).

The sole question here is whether the applicants have in fact been inspected and admitted or paroled into the United States subsequent to January 1, 1959. It is clear that the granting of extensions of stay to them subsequent to January 1, 1959 did not constitute the inspection and admission or parole into the United States contemplated by the statute, nor did the later grant of indefinite voluntary departure.

The exact wording of the Act is specific, clear and unambiguous in requiring the alien to have "been inspected and admitted or paroled into the United States subsequent to January 1, 1959." The meaning of the word "subsequent" is equally clear both in common usage and at law. Black's Law Dictionary, Fourth edition, and Webster's International Dictionary, unabridged, 2nd. edition, both define the word "subsequent" as meaning "following in time; coming or being later than something else." The applicants' arrival, inspection and admission all on January 1, 1959 cannot be construed as having occurred subsequent to January 1, 1959. They are, therefore, not eligible for adjustment of status and there is no alternative but to deny their applications.

ORDER: The decisions of the District Director, San Juan, Puerto Rico, are affirmed and the applications are denied.